## Illinois Office Supply Company, Appellant, v. County of Franklin, Appellee.

Opinion filed May 8, 1936.

LAYMAN & JOHNSON, of Benton, for appellant.

MARION M. HART, of Benton, for appellee.

Mr. Justice Murphy delivered the opinion of the court.

Illinois Office Supply Company, plaintiff-appellant, sold the County of Franklin certain supplies for the use of the county officers of said county.

Plaintiff brought this suit to recover for said supplies. By stipulation and agreement all items have been eliminated from this suit except certain supplies furnished the county superintendent of schools.

The case was tried before the court without a jury. The facts have been stipulated and the only question presented on this appeal is whether the board of supervisors as the fiscal agent of the county has power either expressed or implied to make purchase of such items. It is stipulated that the board of supervisors audited the items purchased and have approved the same, that the various items mentioned were actually purchased and delivered. The items in controversy and for which the lower court refused judgment aggregate $3,349.84.

The evidence shows that certain pins, certificates, dots and stars were purchased and used in the schools of the county under the direction of the county superintendent, that they were given to the pupils as awards or prizes for regular and prompt attendance at school and for efficiency in spelling. When a pupil has 20 perfect spelling lessons, he is given a small certificate, and when he has 300 perfect lessons, larger certificates are given and 600 perfect lessons entitles the pupil to one of the pins.

The other items purchased consist of teacher's schedules, blanks for statement of attendance, school registers, final examination reports, program charts, district records, anticipation warrant blanks, plan books to be used by the teachers in arranging their work, order or warrant books and election sets for use in the various school districts.

Section 1, Art. VIII of the constitution provides that the general assembly shall provide a thorough

and efficient system of free schools, whereby all the children of the State may receive a good common school education. By section 5 of the same article, it is provided that there may be a county superintendent of schools, whose qualifications, powers and duties shall be prescribed by law. In carrying out the constitutional mandate, the legislature has provided for a county superintendent of schools, fixed his qualifications and by sections 15, 16, ch. 122, Ill. State Bar Stats. 1935, ¶¶ 15, 16, prescribed his duties and powers. The eighth subdivision as set forth in paragraph 15 provides that he is "To labor in every practicable way to elevate the standard of teaching and improve the condition of the common schools of his county." The sixth paragraph is that he shall act as the official adviser and constant assistant of the school officers and teachers of his county. In the performance of this duty he shall faithfully carry out the advice of the superintendent of public instruction.

An examination of the quoted provisions and other duties enjoined upon the county superintendent of schools by the legislature discloses that it was the intent of the legislature that the county superintendent should be vested with a broad discretion as to what was to make for a thorough and efficient common school system. It should also be noted that the county superintendent is required to make reports of the conditions of the schools in his county to the State superintendent of public instruction; that these reports are to be based upon data furnished him by the teachers of the county.

By statute, he is made the assistant and official adviser of the school directors and other school officers, which would necessarily include advice as to how to keep their reports, issue warrants and make contracts for employment of teachers.

Section 207, ch. 122, Ill. State Bar Stats. 1935, ¶ 331, prescribes the duties of the county acting through its board of supervisors and under the first subdivi-

sion, it is provided that it shall provide for the county superintendent of schools a suitable office with necessary furniture and office supplies as is done in the case of other county officers. In determining what the legislature intended should be furnished by the county to the superintendent of schools as necessary office supplies, it is necessary to consider it in connection with the duties imposed upon him by statute.

In view of these constitutional provisions and the various duties imposed upon the county superintendent, we cannot say that he is not acting within his prescribed powers and performing the duty placed upon him to labor in every possible way to elevate the standard of teaching and improve the condition of the schools when he furnishes the teachers with stars, dots, pins and certificates to be given as a reward for efficiency in spelling and regular attendance. It is contended that the statute provides a means for compelling a child to attend school. That is true but we are inclined to the opinion that the county superintendent of schools in carrying out the mandate to labor for the betterment of the schools had the right to select the reward system as a better means of stimulating the pupils' interest in attendance than to rely solely upon the services of a truant officer or a prosecution of the parents to compel their attendance.

In view of the duties imposed upon the county superintendent of schools relative to advising and assisting the various school officers and teachers, we are of the opinion that he has the right to furnish blank forms of records, warrants, election supplies and other supplies such as are the subject of controversy in this case. Lack of uniformity in these records, and blanks would tend to lead to chaos and confusion in the school system of the county.

The court erred in refusing allowance of said claims. The cause is remanded with directions to enter a judgment for the allowance of said items.

*Judgment remanded with directions.*